# Shaw v. Elmcrest, Inc.

Additional defendant Dan River, Inc. (Dan River) contends that it is not subject to the jurisdiction of the Arbitration Panels for Health Care in this case. The original claim arose from the death of plaintiff's decedent allegedly caused by burns received when the hospital gown issued him by defendant Elmcrest, Incorporated (Elmcrest) caught fire. At the time of the injury, decedent was a patient at Elmcrest Nursing Home. Plaintiff's complaint alleges, inter alia, that Elmcrest was negligent in supplying decedent with a hospital gown which was not fire retardant.

Elmcrest joined as additional defendants Medline Industries, the alleged manufacturer of decedent's gown, and Dan River, the alleged manufacturer of either the gown or the fabric from which the gown was made.

Dan River contends it is a nonhealth care provider whose actions are not related to the furnishing of medical services and is, therefore, outside our jurisdiction. When we ruled previously on Dan River's preliminary objections raising the issue of

jurisdiction, the record failed to provide sufficient information as to Dan River's role in the manufacturing process. Subsequently, Dan River filed an affidavit made by one of its officials, indicating that Dan River merely manufactures fabrics and not gowns. Upon consideration of the record, our opinion of November 17, 1978, Dan River's motion for summary judgment, its affidavit and the fact that no opposition was made to the latter, it is apparent that the question of our jurisdiction over Dan River is ripe for decision.

The Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.309, (act), provides that:

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider."

The act, 40 P.S. §1301.502, further provides:

"At any time up to the selection of the panel members, a party may join any additional party who may be necessary and proper to a just determination of the claim. The arbitration panel shall have jurisdiction over such additional parties whether they be health care providers or nonhealth care providers."

The scope of our limited jurisdiction over nonhealth care providers was considered in Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383

A. 2d 1295, 1298 (1978), where the Commonwealth Court reviewed the legislative intent of the act. The court found that:

"'nonhealth care provider' does not refer to all persons not included in the definition of 'health care provider' in Section 103, but rather was intended to encompass those persons who, like manufacturers of drugs or medical instruments, . . . are kindred to health care providers."

". . . [T]he legislature never intended the Arbitration Panels for Health Care to pass upon questions other than that of medical malpractice."

This area is not well-suited to simple rules. We are guided by the wisdom of the Pennsylvania Supreme Court expressed in DuBree v. Commonwealth, 481 Pa. 540, 393 A. 2d 293, 296 (1978), when it reemphasized:

". . . the advisability of refraining 'from attempting to fashion broad general rules as a panacea. The obviously wiser course is to resolve disputes on a case-by-case basis until we develop, through experiences in [an] area, a sound basis for developing overall principles.'"

We now hold that Dan River, which supplies fabrics used in the manufacture of hospital gowns, is not within the act's definition of a "nonhealth care provider." In this action we were faced with the difficult task of drawing the jurisdictional boundary between the final assembler or manufacturer of an item employed in the provision of medical services and the manufacturer of a component used in the item's assembly.

We recognize that future cases may present fact situations which will make it difficult to determine which of the parties in the manufacturing or dis-

702

tributive chain are subject, as nonhealth care providers, to the jurisdiction of the Arbitration Panels for Health Care. There may be a few instances where justice and reason would demand that a component manufacturer be considered a nonhealth care provider subject to our jurisdiction. To permit this tribunal to gain the experience which our Supreme Court deems a prerequisite to broad rule making, we limit our holding to the facts of this case. Accordingly, we enter the following

## ORDER

And now, April 17, 1979, upon consideration of the above opinion we find that we are without jurisdiction over the claim by Elmcrest against Dan River. The action by Elmcrest against Dan River shall be dismissed within ten days from the date this order is certified from the record unless a petition to transfer Elmcrest's claim against Dan River to a court of common pleas is filed within the ten days.